**CLARK HILL LLP**
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
Ali Bloom (SBN 347446)
abloom@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

*Attorneys for Defendants Red Roof Inns, Inc., and Red Roof Franchising, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN FERRIZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>Plaintiff,<br>v.<br>RED ROOF INNS, INC., AND RED ROOF FRANCHISING, LLC<br>Defendants. | Case No. 2:24-cv-8622-CVD (AJRx)<br>**NOTICE OF DECISIONS BY OTHER COURTS**<br>Judge: Cynthia Valenzuela<br>Crtm: 10B |

**NOTICE OF DECISIONS BY OTHER COURTS**

Defendants Red Roof Inns, Inc., and Red Roof Franchising, LLC ("Defendants"), respectfully submit this Notice of Decisions by Other Courts regarding relevant orders issued by the U.S. Court of Appeals for the Ninth Circuit, the U.S. District Court for the Central District of California, and the U.S. District Court for the Eastern District of California.

The Parties have fully briefed Defendants' motion to dismiss. [ECF Nos. 22, 23, 25.] Among other things, the parties dispute: (a) whether a plaintiff needs to plead facts demonstrating the interception of cognizable private information to

establish Article III for a California Invasion of Privacy Act ("CIPA") claim, and (b) the pleading requirements of a CIPA § 631(a) claim. *Compare* Defs.' Mot. to Dismiss, ECF No. 22 at 1, *with* Pl.'s Opp. at 23.

In *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, a *1 (9th Cir. July 9, 2025) (Cir. R. 36-3 Op.) (attached hereto as Exhibit 1), the Ninth Circuit affirmed the Central District of California's finding that encryption appended to chat messages, along with a spreadsheet allegedly showing logins from various user accounts, was insufficient evidence to show that the defendant "read[] or attempt[ed] to read the plaintiff's "contents or meaning of any message, report, or communication."

In *Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 927 (C.D. Cal. 2025) (Klausner, J.) (attached hereto as Exhibit 2), this District Court held that Article III standing for a CIPA § 631 claim requires a plaintiff to allege facts demonstrating the interception of information that "[was] sufficiently personal or sensitive that its disclosure [would be] harmful."

In *Snyder v. G6 Hospitality LLC*, No. 5:24-cv-02423-AH-(SHKx), 2025 WL 1254382, at *3 (C.D. Cal. Apr. 14, 2025) (Hwang, J.) (attached hereto as Exhibit 3), this District Court did not recognize "dates of the trip, number of guests, username, etc.," or a Facebook ID as a "guest record" under California Civil Code § 53.5.

In *King v. Hard Rock Cafe Int'l (USA), Inc.*, No. 2:24-cv-01119-DC-CKD, 2025 WL 1635419 at *3-5 (E.D. Cal. June 9, 2025) (attached hereto as Exhibit 4), the Eastern District of California held that names, email addresses, phone numbers, room selections, travel dates, "button clicks," and URLs of pages visited on the website as "guest records" under California Civil Code § 53.5 because the plaintiff failed to allege facts tying the data to an actual guest and lodger relationship, rather than generally using a website "[s]everal times" to "browse[] and book a . . . hotel." web browsing interactions.

Dated: August 6, 2025

CLARK HILL LLP

*/s/ Myriah V. Jaworski*

By: ____________________________

Myriah V. Jaworski
Ali Bloom

*Attorneys for Defendants Red Roof Inns, Inc., and Red Roof Franchising, LLC*